```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

WARSILA FINLAND OY and                }
WARTSILA GUATEMALA, S.A.,              }
            *Plaintiffs*                }
                                        }
v.                                      }       CIVIL ACTION NO. H-06-3908
                                        }
DUKE CAPITAL LLC,                       }
                                        }
            *Defendants*                }


## **OPINION AND ORDER**

Pending before the court are Defendant Duke Capital LLC's ("Duke") motion to dismiss (Doc. 4) and Plaintiffs Wartsila Finland OY and Wartsila Guatemala S.A.'s (collectively "Wartsila") motion for summary judgment (Doc. 18). In this case, Wartsila sues Duke, pursuant to a guaranty, to recover an arbitral award against Duke Energy International y CIA, S.C.A. ("DEI"), a Duke subsidiary. After reviewing the facts and law, the court concludes that Wartsila has stated a claim for breach of the guaranty but has not established that it is entitled to summary judgment. Accordingly, the court ORDERS that both Duke's motion to dismiss and Wartsila's motion for summary judgment are DENIED

I. <u>Facts.</u>

DEI hired Wartsila to manufacture a power plant in Guatemala (the "Planta Arizona Project"). The contract between DEI and Wartsila called for construction in four phases and provided that all disputes between DEI and Wartsila would be subject to binding arbitration. (<u>See</u> Contract, Suppl. Ex. 1.)

Duke executed a guaranty in Wartsila's favor ensuring DEI's performance of the contract. The Guaranty's provisions are exceedingly broad: they provide that Duke, subject to its power to assert any of DEI's rights, set-offs, counterclaims or defenses,

> unconditionally guarantees (as primary obligor and not merely as surety) to [Wartsila] the full and punctual payment and performance by [DEI] of any and all obligations of every nature whatsoever to be paid or performed, as the case may be, by [DEI] under the Agreement (all obligations so guaranteed, the 'Guaranteed Obligations'). . .

(Guaranty ¶ 2, Doc. 1 Ex. A.) The guaranty is not conditioned on Wartsila first proceeding against DEI, and provides that, should Wartsila's have to engage in collection efforts against Duke, Wartsila may recover its reasonable attorney's fees and out of pocket expenses. Id.

Wartsila initiated arbitration against DEI in April 2003. Two rounds of arbitration were convened before an International Chamber of Commerce Tribunal in Houston, Texas. The Tribunal examined claims arising from all phases of the plant's construction. In July 2005, the parties held a conference and tentatively planned a third round of arbitration to address unresolved claims arising from phase four of the plant's construction. Before the round could be held, however, the tribunal chairman announced that he would not be able to continue serving. DEI requested that the Panel remain constituted under a new chairman to hear its remaining counterclaims. Wartsila opposed the request, and the panel eventually determined the issue

2

in Wartsila's favor.  DEI thereafter chose to withdraw some of its counterclaims and bring them in a future proceeding, a procedure expressly agreed to by the parties,

The Panel issued its Final Award in April 2006. (See Final Award, Supp. Ex. 2.)  The Final Award reflects that the Panel has not determined every claim between the parties.  It then goes on to find for Wartsila on some of its claims and for DEI on some of its counterclaims. In conclusion, the Final Award orders DEI to pay Wartsila €11,315,385.00 and Wartsila to pay DEI $757,085.00 (Addendum Supp. Ex. 4.)

DEI refuses to pay the Final Award for two reasons. First, it claims that the Agreement entitles it to withhold payment to protect itself from loss due to defective or unfinished work.  Second, it claims a third round of arbitration, currently underway, is necessary to finally adjudicate its counterclaims.

On October 10, 2006, Wartsila filed a motion to confirm the arbitral award and enter judgment directly against Duke.  The case, styled Wartsila Finland OY et. al. v. Duke Capital LLC, H-06-3187, was assigned to United States District Judge Kenneth M. Hoyt.  After obtaining leave to intervene in the case, DEI filed a cross-motion to confirm the arbitral award and for a stay of proceedings pending arbitration.  Duke filed a motion to dismiss arguing that (1) it was not a party to the arbitration agreement and (2) the resolution of its obligations under the guaranty should be determined in a separate action for breach of contract.

Judge Hoyt decided the case in December 2006. In an opinion and order, he (1) granted Duke's motion to dismiss on the grounds that Duke was not a proper party to the confirmation proceedings, (2) confirmed the arbitral award, and (3) entered judgment against DEI for $13,677,951.64 plus pre and post judgment interest. DEI has appealed Judge Hoyt's ruling to the Fifth Circuit, where it remains pending. In the meantime, Judge Hoyt approved a supersedeas bond filed by DEI in the sum of approximately 16 million dollars.

Wartsila filed this case against Duke on December 8, 2006. Wartsila's complaint seeks the Final Award plus attorney's fees and costs.

II.  Legal Standards

    A.  Motions to dismiss.

When faced with a motion to dismiss for failure to state a claim, the question is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed. 1990). The complaint must "contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1216 at 156-159). Where a complaint asserts merely conclusory

4

allegations, these conclusory allegations and unwarranted deductions of fact are not admitted as true. <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 281 (5th Cir.1992). Also, where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. <u>Kaiser Aluminum & Chem. Sales v. Avondale Shipyards</u>, 677 F.2d 1045, 1050 (5th Cir. 1982).

In considering a Rule 12(b)(6) motion to dismiss a district court may review the pleadings on file, <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000), and matters of public record. <u>Davis v. Bayless</u>, 70 F.3d 367, 372 n.3 (5th Cir. 1995). "Pleadings on file" includes "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [his] claim." <u>Collins</u>, 224 F.3d at 498-99.

B.  <u>Motions for Summary Judgment.</u>

A party moving for summary judgment must inform the court of the motion's basis and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). If the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative

5

defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. Fontenot v. Upjohn, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the burden of proof has shifted, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), citing U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. Anderson, 477 U.S. at 248. The non-movant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A., 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations

and opinions are not competent summary judgment evidence. Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 139-40 (5th Cir. 1996); Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). Nor are pleadings summary judgment evidence. Wallace v. Texas Tech University, 80 F.3d 1042, 1046 (5th Cir. 1996), citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The non-movant cannot discharge its burden by offering vague allegations and legal conclusions. Salas v. Carpenter, 980 F.2d 299, 305 (5th Cir. 1992); Lujan v. National Wildlife Fed'n, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998), citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir.).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. Matsushita, 475 U.S. at 587-88. In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc., 831 F.2d 77, 80 (5th Cir. 1988). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. Isquith

v. Middle South Utilities, Inc., 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir. 1990).

    C. Breach of Guaranty

The court construes a guaranty as it would any other contract. Mid-South Telecom. Co. v. Best, 184 S.W. 3d 386, 390 (Tex. App.– Austin 2006, no pet.) Accordingly, the plain terms of the parties agreement guides the court's interpretation of the parties' true objective intentions. Id. at 390-91.

Satisfaction or excuse of a condition precedent to Defendant's duty to perform is an essential element of a claim for breach of contract. See Associated Indem. Corp. v. CAT Contr., 964 S.W.2d 276, 283 (Tex. 1998). "A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation." Centex Corp v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992). If the condition is not fulfilled, the contract or obligation attached to the condition cannot be enforced. NCS Mgmt. Corp. v. Sterling Collision Ctrs. Inc., 108 S.W.3d 534, 536 (Tex. App.– Houston [14th Dist.] 2003, pet. denied).

III.  Application of law to the facts.

    A.   Wartsila has stated a claim for breach of the Guaranty Agreement

In its motion to dismiss, Duke argues that Wartsila's claim should be dismissed because Duke's duty to perform under the guaranty has not yet matured. This argument is belied by the Guaranty's plain terms, which indicate that the parties meant failure to pay an arbitral award to constitute default on a Guaranteed Obligation. Two provisions of the guaranty so indicate. First, the Guaranty states that Wartsila may proceed against Duke without seeking payment from DEI. (Guaranty ¶ 2.)  Duke's proffered construction would rendered this provision meaningless by requiring Wartsila to attempt to collect the Final Award from DEI before proceeding against Duke. Second, DEI and Wartsila's Agreement states that any arbitration shall be "final and binding." (Contract Art. 21.2.4.) Requiring Wartsila to litigate its entitlement to the Final Award in Federal Court would contradict this provision.

> B.  <u>Material questions of fact concerning the size of any set-off preclude the court from granting Wartsila's motion for summary judgment.</u>

Wartsila claims to be entitled to summary judgment on its claim and seeks to recover the amount of the final award plus interest and attorney's fees and costs. Summary judgment, however, is currently inappropriate because material questions of fact exist as to the size and nature of Duke's obligation.  The Guaranty expressly provides that Duke is allowed to step into DEI's shoes and assert "all rights, setoffs, counterclaims and other defenses which [DEI] is or may be entitled to under the

Agreement." Duke has not yet filed an answer in this case, but has indicated that such an answer would interpose both defenses and counter-claims. Accordingly, the court orders that Wartsila's motion for summary judgment is denied, without prejudice, as premature.

IV. Conclusion

For the aforementioned reasons, the court ORDERS that Duke's motion to dismiss (Doc. 4) and Wartsila's motion for summary judgment (Doc. 18) are DENIED.

SIGNED at Houston, Texas, this 8th day of August, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE